IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DANNY R. CAMPBELL,                )
                                  )
        Petitioner,                )
                                  )
                                  )   No. CIV-16-526-R
v.                                )
                                  )
CAR BEAR, Warden,                 )
                                  )
        Respondent.                )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be dismissed upon filing.

I. Screening Requirement for Habeas Petitions

The Court is required to review habeas petitions promptly and to dismiss a petition

---

[1] Petitioner is a prolific litigant in this Court and other courts. The Tenth Circuit Court of Appeals found in 1996 that Petitioner had previously filed three 42 U.S.C. § 1983 actions *in forma pauperis* that were dismissed as frivolous under 28 U.S.C. § 1915(d)(now 28 U.S.C. § 1915(e)). Campbell v. Cowley, 1996 WL 582728 (10th Cir. 1996)(unpublished op.)(affirming dismissal of complaint for the reasons stated by the district court). Previously, in 1993, the Tenth Circuit Court of Appeals affirmed the United States District Court for the Eastern District of Oklahoma's 28 U.S.C. § 1915(d) dismissal of his § 1983 action as legally frivolous. Campbell v. Cowly, 1993 WL 482963 (10th Cir. 1993)(unpublished op.).

1

"[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, United States Supreme Court Rules Governing Section 2254 Cases in the United States District Courts. Additionally, courts are obliged to examine their jurisdiction sua sponte and dismiss any action where subject-matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006)(holding that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party" and "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety").

II. Second or Successive Petition Under Section 2254

Petitioner was convicted in January 1979 in the District Court of Oklahoma County, Oklahoma, of the offense of Murder in the First Degree and sentenced to a term of life imprisonment. State of Oklahoma v. Danny Ray Campbell, No. CRF-78-2706. His conviction and sentence were affirmed on direct appeal. Campbell v. State, 636 P.2d 352 (Okla. Crim. App. 1981), cert. denied, 460 U.S. 1011 (1983). Issues raised by Petitioner in his direct appeal involved both his trial on the issue of his competency and the subsequent murder trial.

In a previous 28 U.S.C. § 2254 action filed by Petitioner in this Court, Campbell v. Cowley, No. CIV-92-2413-T, Petitioner challenged his conviction in Case No. CRF-78-2706. United States District Judge Thompson entered judgment granting the Respondent's motion to dismiss the action on the ground that it was successive and abusive of the writ.

In this action, Petitioner again seeks to challenge his conviction and sentence in Case No. CRF-78-2706. The 15-page petition is accompanied by over 400 pages of miscellaneous documents, including institutional grievance forms, request for health services forms, custody assessment forms, parole docket forms, adjustment review forms, offender statement reports, inmate transaction list forms, requests for legal research assistance, offender's request for disbursement of legal costs forms, copies of personal correspondence, and a copy of a notice advising Petitioner he was placed on a 12-month grievance restriction. None of these documents are relevant to the habeas action Petitioner has filed herein. The only document provided with the Petition that is at all relevant is a copy of the judgment and sentence entered in Petitioner's 1978 state court criminal case.

In the Petition, Petitioner has not alleged specific facts sufficient to discern his constitutional claims. Petitioner merely strings together a list of constitutional amendments and a list of legal conclusions, i.e., various constitutional amendments have been violated, he was falsely charged, the offense was "justifiable, assaulting and battering, self-defense, defensive case law," he is falsely imprisoned, he is innocent, and he should be released from confinement. Because it plainly appears from the face of the Petition that Petitioner is not entitled to relief under 28 U.S.C. § 2254, the Petition should be dismissed upon filing.

Moreover, the Petition is successive, and Petitioner has not shown that he has received the necessary authorization to proceed with the filing of a successive petition. Title 28 U.S.C. § 2244 provides that:

> [b]efore a second or successive application [under 28 U.S.C.

> §2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). Absent such authorization to file a second or successive § 2254 petition, "[a] district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim." In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008)(*per curiam*). "When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court . . . or it may dismiss the . . . petition for lack of jurisdiction." Id. at 1252.

This Court previously found that Petitioner had filed a successive 28 U.S.C. § 2254 Petition that constituted an abuse of the writ. Therefore, the instant Petition is also successive. Because Petitioner has not obtained the requisite authorization from the Tenth Circuit Court of Appeals to file his successive habeas action, this Court lacks jurisdiction to consider the merits of the claims asserted in the Petition. 28 U.S.C. § 2244(b)(3).

In this instance, the Court may consider the interest of justice in determining whether to transfer the Petition to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 or dismiss the action. "Where there is no risk that a meritorious successive claim will be lost absent a [28 U.S.C.] § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the appellate] court for authorization." In re Cline, 531 F.3d at 1252.

In this case, it would not further the interest of justice to transfer the matter to the Tenth Circuit Court of Appeals because Petitioner cannot satisfy the requirements of 28

4

U.S.C. § 2244(b)(2) to obtain authorization to proceed with a second habeas petition.

By law, an application to proceed with a second or successive habeas petition that presents a claim or claims not presented in a previous application

> shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or . . . the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

Petitioner's conclusory allegations in the Petition do not rely on a new rule of constitutional law or a factual predicate that he could not have discovered previously by exercising due diligence. Nor does Petitioner present facts underlying his claim or claims that are sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable juror would have found him guilty of the First Degree Murder offense.

Moreover, the interest of justice would not be furthered by a transfer of the Petition to the Tenth Circuit Court of Appeals because the one-year limitations period prescribed by 28 U.S.C. § 2244(d) for filing a habeas action expired many years prior to the date on which Petitioner filed the instant Petition. Additionally, Petitioner has not shown any exceptional circumstances that would warrant the equitable tolling of the limitations period for the 13 year period since his conviction became final in 2002. See Holland v. Florida, 560 U.S. 631,

645 (2010)(limitations period may be equitably tolled in extraordinary circumstances); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir 2000)(limitations period is subject to equitable tolling in "rare and exceptional circumstances").

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] expiration of the statute of limitations." McQuiggin v. Perkins, __ U.S. __, 133 S.Ct. 1924, 1928 (2013). However, such tolling of the limitations period for actual innocence is appropriate only in rare instances in which the petitioner shows that "'in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). See House v. Bell, 547 U.S. 518 (2006)(actual innocence claims require "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial")(quotation omitted).

In his Petition, Petitioner has stated legal conclusions, without benefit of any supporting facts, that he is innocent and that he acted in self-defense. But Petitioner has provided no new evidence that was not presented at his trial to support such claims, and he has not shown that in light of new evidence a reasonable juror would not have found him guilty of the murder offense beyond a reasonable doubt. Consequently, Petitioner's Petition would be subject to dismissal on the basis of the expiration of the one-year limitations period in 28 U.S.C. § 2244(d).

Because Petitioner's claims do not satisfy the requirements of 28 U.S.C. § 2244(b)(2)

and Petitioner's claims would be subject to dismissal as untimely, "there is no risk that a meritorious successive claim will be lost" absent a transfer to the appellate court. In re Cline, 531 F.3d at 1252. The Petition should therefore be dismissed for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as an unauthorized successive petition that is untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by __July 18th__, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __27th__ day of __June__, 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE